**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| AGSOUTH GENETICS, LLC, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CASE NO.: 1:09-CV-186 (WLS) |
| : | |
| GEORGIA FARM SERVICES, LLC, *et al.*, : | |
| : | |
| Defendants. : | |

**ORDER**

Presently pending before the Court is Plaintiffs' Motion to Quash Subpoena to Plaintiffs for Production at Trial. (Doc. 154.) On October 3, 2013, Defendant Georgia Farm Services ("GFS") served Plaintiffs with a subpoena duces tecum purporting to require Plaintiffs to produce a wealth of documentation at trial. (Doc. 151-2 at 3.) On October 7, 2013, Plaintiffs filed a Motion to Quash, claiming that GFS was attempting to circumvent the discovery rules with the subpoena, and was abusing process and placing an undue burden on Plaintiffs by requesting such a large volume of documentation eight days before the start of trial. (Doc. 154 at ¶ 9, 10.) In its Response, GFS asserted that it would be satisfied if Plaintiffs produced the "two (2) AGS 2000 license agreements with its two (2) distributors (which GFS understands are owned by AGSouth shareholders)." (Doc. 155 at 5.) As such, the Court will deem GFS's assertion narrowing the scope of its subpoena duces tecum as a request to likewise modify the same. Accordingly, the following discussion pertains only to the subpoena duces tecum as modified.

Plaintiffs claim that the subpoena duces tecum should be quashed because it circumvents the requirements of the Federal Rules of Civil Procedure. (*See* Doc. 154.)

1

GFS maintains that the documents sought should have been disclosed with the Rule 26 disclosures, and are "directly relevant to the established royalty scheme for [AGS 2000.]" (Doc. 155 at 3.) Also, GFS claims that a subpoena duces tecum is an acceptable procedural mechanism for it to obtain the documents at issue. (*Id.* at 2-3, 5.)

A subpoena duces tecum should not be used to circumvent the ordinary strictures of discovery. *See Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 354 (6th Cir. 1984). Instead, a subpoena duces tecum issued to a party should be treated as a discovery device and all rules of discovery should likewise apply thereto. *See Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 463 (6th Cir. 1995); *Dees v. Hyundai Motor Mfg. Ala., LLC*, No. 2:07-CV-306-MHT, 2008 WL 821061, *1 (M.D. Ala. Mar. 25, 2008); 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2452 (3d ed. 2008). Discovery in this case lasted one year and ended on November 12, 2010, nearly three years ago. (*See* Doc. 35.) Because discovery has ended, "the subpoena is untimely and is due to be quashed." *See Dees*, 2008 WL 821061 at *1.

The Court also notes that before the close of discovery GFS filed a Motion to Compel documents related to settlement agreements involving cases settled by Plaintiffs. (Doc. 46.) The purpose of seeking those documents was, among other reasons, to "provide information related to damages [and] reasonable royalties." (*Id.* at 4.) It is unclear why GFS did not seek the documents now sought at that time. Further, GFS admits that one of its previous requests for production pertained to the documents presently requested. (Doc. 155 at 2 n.1.) GFS does not attempt to explain why it did not file a motion to compel. The Court finds it plain that the reason GFS seeks this evidence with a subpoena duces tecum is because discovery has closed and the time to file a motion to compel has passed. The Court will not enable parties to circumvent the

2

dictates of the Federal Rules of Procedure and the applicable discovery order.  As such, the Court finds that GFS has had ample opportunity to obtain this evidence through discovery.  *See* FED. R. CIV. PRO. 26(b)(2)(C)(ii).  Accordingly, Plaintiffs' Motion to Quash is **GRANTED.**

**SO ORDERED**, this  11th  day of October, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**
