IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| AGSOUTH GENETICS, LLC, and UNIVERSITY OF GEORGIA RESEARCH FOUNDATION, INC., :<br><br>Plaintiffs, :<br><br>v. :<br><br>GEORGIA FARM SERVICES, LLC, :<br><br>Defendant. : | CASE NO.: 1:09-CV-186 (WLS) |

## ORDER

Presently pending before the Court is Plaintiffs' Motion to Alter or Amend the Judgment (Doc. 191) and Motion for Attorney's Fees (Doc. 192), and Defendant's Motion for Attorney's Fees (Doc. 195), Motion for Costs (Doc. 196), and Motion to Alter or Amend the Judgment (Doc. 203). For the reasons that follow, Plaintiffs' Motion to Alter or Amend the Judgment (Doc. 191) is **GRANTED,** and Plaintiffs' Motion for Attorney's Fees (Doc. 192) is **GRANTED-IN-PART and DENIED-IN-PART**; and Defendant's Motion for Attorney's Fees (Doc. 195), Motion for Costs (Doc. 196), and Motion to Alter or Amend the Judgment (Doc. 203) are **DENIED.**

## BACKGROUND

On July 23, 2009, Plaintiffs brought the instant suit under the Plant Variety Protection Act ("PVPA") and the Lanham Act. (Doc. 1.) The Complaint, as amended, alleged that Defendant Georgia Farm Services ("GFS"), which was in the business of selling seeds, including certain varieties that Defendant sold with Plaintiffs' approval, sold or was selling a protected variety of wheat seed, AGS 2000, in unlabeled brown bags, mislabeled brown bags, or in bulk without the permission of Plaintiffs, the PVP certificate owner and authorized license holder of the variety. (Doc. 55-1 at 3-4.) Other defendants were named in the Complaint, as amended, but were dismissed from the

1

suit before the case went to trial.  (*See* Docs. 55-1, 156, 157, 162, 163.)  On March 18, 2010, Defendant made an Offer of Judgment of $10,000 "for all claims to include claims for attorney[']s fees and costs reasonably incurred as of the date of th[e] offer."  (Doc. 182.)

Following a four-day trial, the jury returned a special verdict finding that Defendant willfully violated the PVPA, and that the reasonable royalty award was $125.00 per bag of AGS 2000, multiplied by 15 bags found to be infringing for a reasonable royalty award of $1,875.00.  (Doc. 186.)  The jury found in favor of Defendant as to Plaintiffs' Lanham Act claim.  (*Id.* at 2.)  Subsequently, the Court entered Judgment on October 31, 2013.  (Doc. 190).  The Judgment stated as follows:

> Pursuant to the jury verdict dated October 22, 2013, JUDGMENT is hereby entered as follows: as to Count 1, judgment is entered in favor of Plaintiffs in the amount of $125.00 per bag of AGS 2000, multiplied by 15 bags infringed by the Defendant for a total responsible [sic] royalty award of $1,875.00.  The amount shall accrue interest from the date of entry of judgment at the rate of .14% per annum until paid in full.  As prevailing parties, plaintiffs shall also recover costs of this action.  As to Count 2, judgment is entered in favor of Defendant.  Defendant may file a motion for costs pursuant to Rule 68 of the Federal Rules of Civil Procedure.

(Doc. 190 at 1.)  On November 1, 2013, Plaintiffs filed a Motion to Alter or Amend the Judgment.  (Doc. 191.)  Therein, Plaintiffs assert that the Judgment should be amended to fix the typographical error and to indicate that the jury found that Defendant willfully infringed Plaintiffs' PVPA rights.  (*Id.*)  On November 11, 2013, Plaintiffs filed a Motion for Attorneys' Fees, Enhancement (Treble) of Damages, Pre-Judgment Interest, and Necessary Expenses.  (Doc. 192.)  Each of those requests is based on the jury's finding of willfulness.  (*Id.*)  On November 11, 2013, Defendant responded to Plaintiffs' Motion to Alter or Amend the Judgment, and Plaintiffs did not file a reply.  (Doc. 193.)  On December 5, 2013, Defendant responded to Plaintiffs' Motion for Attorneys' Fees, and Plaintiffs replied thereto on December 30, 2013.  (Docs. 205 & 214.)  Because no additional briefing has been filed and all time periods for such have elapsed, those motions are ripe for review.  *See* M.D. Ga. L.R. 7.3.1.

On November 12, 2013, Defendant filed a Motion for Attorney's Fees Under the Lanham Act (Doc. 195) and Motion for Costs (Doc. 196). Each of those motions were based on Defendant's contention that it was the prevailing party and its Offer of Judgment precluded the award of fees and costs to Plaintiffs. (*See id.*) On November 26, 2013, Plaintiffs responded to both motions. (Docs. 199 & 200.) On December 13, 2013, Defendant filed replies thereto. (Docs. 207 & 208.) As such, those motions are ripe for review. *See* M.D. Ga. L.R. 7.3.1. On November 29, 2013, Defendant filed a Motion to Alter or Amend the Judgment. (Doc. 203.) That motion has been fully briefed and is ripe for review. (Docs. 210 & 217.) *See* M.D. Ga. L.R. 7.3.1.

## ANALYSIS

The various motions before the Court pose the following questions: (1) What effect does the Offer of Judgment made by Defendant and rejected by Plaintiffs have on the matters before the Court?; (2) Which Party is the prevailing party?; (3) Who is entitled to attorney's fees and costs, and in what amount?; and (4) How should the above-referenced Judgment be amended to reflect this order and other post-trial rulings of the Court?

### I.     Effect of Offer of Judgment

Federal Rule of Civil Procedure 68(d) states that, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." The Offer of Judgment in this matter was made on March 18, 2010, and offered Plaintiffs $10,000 "for all claims to include claims for attorney's fees and costs reasonably incurred as of the date of this offer." (*See* Doc. 182.) "To make a proper comparison between the offer of judgment and the judgment obtained when determining, for Rule 68 purposes, which is the more favorable, like 'judgments' must be evaluated." *Marryshow v. Flynn*, 986 F.2d 689, 692 (4th Cir. 1993).[1] The Offer of Judgment in this matter explicitly included attorney's fees

---

[1] *Marryshow v. Flynn*, 986 F.2d 689 (4th Cir. 1993), relied on *Marek v. Chesny*, 473 U.S. 1 (1985), which evaluated the Rule 68 comparison of the offer of judgment and the judgment finally obtained in a § 1988 case. *See also Grosvenor v. Brienen*, 801 F.2d 944 (7th Cir. 1986). Nonetheless, the Court finds that the conclusion reached in those cases should also apply in this context, even though the PVPA does not

3

and, as a result of the jury's verdict, under 7 U.S.C. § 2565 and Federal Rule of Civil Procedure 54(d), Plaintiffs may be awarded attorney's fees as part of the judgment if certain requirements are met. Thus, to determine the effect of the Offer of Judgment, the Court must first determine whether the pre-offer fees and costs that are actually awarded to Plaintiffs exceed the $10,000 Offer of Judgment.

### A. Plaintiffs' Attorney's Fees

Plaintiffs assert that they are entitled to attorney's fees in this matter based on the jury's finding of willfulness, the quantum of evidence to support that finding, and Defendant's "vexatious and unjustified litigation and frivolous filings." Defendant asserts that Plaintiffs are not entitled to attorney's fees because (1) Rule 68 precludes such; (2) Plaintiffs are not prevailing parties; and (3) this case was not "exceptional." As stated above, whether Rule 68 requires Plaintiffs to pay Defendant's post-offer costs is dependent on whether the pre-offer costs and fees, in addition to the amount awarded by the jury, exceed the $10,000 Offer of Judgment. Although Rule 68 may deprive Plaintiffs of their ability to recover fees and costs, that issue must be addressed after the amount of fees otherwise recoverable by Plaintiffs is determined. Thus, preliminarily, whether Plaintiffs may recover attorney's fees is dependent on whether they are prevailing parties and whether the case is exceptional.

#### i. Prevailing party status

Federal Rule of Civil Procedure 54(d) limits the number of prevailing parties in any particular case to one. *See Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010). "The touchstone of the prevailing party inquiry . . . is the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Sole v. Wyner*, 551 U.S. 74, 82 (2007) (citing *Tex. State Teachers Ass'n v. Garland*

---

include attorney's fees as part of "costs." *See* 7 U.S.C. § 2565. Under the plain language of Rule 68(d), "the judgment the offeree finally obtains" must be compared against the "unaccepted offer." Thus, if, as part of the judgment finally obtained, Plaintiffs receive pre-offer attorney's fees in excess of $10,000, the judgment finally obtained is more favorable than the unaccepted offer because the unaccepted offer in this matter explicitly included attorney's fees. Even if attorney's fees are not, at least in the strictest sense, "a part of the judgment," attorney's fees are nonetheless part of Defendant's "total liability" and should therefore be considered in the Rule 68 calculus. *See generally Marek*, 473 U.S. at 6-7.

4

*Indep. Sch. Dist.*, 489 U.S. 789, 792-93 (1989)).  Under Federal Circuit precedent, which controls in this matter, *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996), a "prevailing party" must "have received at least some relief on the merits" and "[t]hat relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that 'directly benefits' the opposing party." *Shum*, 629 F.3d at 1367 (citations omitted).  A party is not deprived of prevailing party status merely because it does not prevail on all of its claims.  *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1347 (Fed. Cir. 2006).

Plaintiffs argue that they are prevailing parties because the jury returned a verdict that found that Defendant willfully infringed Plaintiffs' PVPA rights and that fifteen bags of AGS 2000 were infringing.  Plaintiffs also assert that they are prevailing parties because the jury's verdict potentially entitles them to enhancement of damages and attorney's fees.  Defendant argues that it is the prevailing party, in part, because Plaintiffs rejected the Offer of Judgment and did not obtain a more favorable result at trial.  Defendant also asserts that it is the prevailing party because the jury only found fifteen bags infringing although Plaintiffs asserted that 960 bags were infringing.  Lastly, Defendant claims that Plaintiffs' Lanham Act claim was meritless, the litigation was conducted in bad faith, and Plaintiffs' investigation was fraudulent.

In this case, Plaintiffs brought two claims, one under the PVPA and one under the Lanham Act.  (Docs. 1 & 55.)  Defendant brought one counterclaim against Plaintiffs under a state law theory of tortious interference with business relations.  (Doc. 12.)  Plaintiffs filed a motion for summary judgment as to Defendant's counterclaim, but it was denied for failure to comply with Local Rule 56.  (Docs. 80, 109.)  Defendant did not file a motion for summary judgment.  (*See generally* Docket.)  Defendant's motion for judgment as a matter of law was denied as to both of Plaintiffs' claims, and Plaintiffs' motion for judgment as a matter of law as to Defendant's counterclaim was granted.  (Doc. 181.)  The jury found that Defendant willfully infringed Plaintiffs' PVPA rights and awarded Plaintiffs $1,875.00.  (Doc. 186.)  Because the jury found that the

5

infringement was willful, Plaintiffs may be—and for the reasons stated below, will be—awarded trebled damages and attorney's fees. (*Id.*)

Defendant "prevailed" only in the sense that the jury found in its favor as to Plaintiffs' Lanham Act claim, and the jury found infringing less bags than asserted by Plaintiffs. Plaintiffs "prevailed" in the sense that the jury found that Defendant willfully infringed Plaintiffs' PVPA rights by engaging in some conduct prohibited by the PVPA as to fifteen bags of AGS 2000. The "prevailing party" inquiry turns on which party benefits from the material alteration of the legal relationship of the parties. Here, the result achieved by Defendant merely maintained the status quo, i.e. it was found to not have infringed Plaintiffs' Lanham Act rights and did not owe damages for that reason. The jury finding of willful infringement obtained by Plaintiffs, however, requires Defendant to remit payment of at least $1,875.00 to Plaintiffs. Because Plaintiffs achieved, at a minimum, more than the perpetuation of the status quo, the Court finds that Plaintiffs are the prevailing parties. Because Defendant is not the prevailing party, it cannot recover attorney's fees. Accordingly, Defendant's Motion for Attorney's Fees (Doc. 195) is **DENIED.**

### ii. Exceptional cases under the PVPA

In "exceptional cases" under the PVPA, courts may award reasonable attorney fees to the prevailing party. *See* 7 U.S.C. § 2565. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* Exceptionality may be demonstrated by a preponderance of the evidence. *Id.* at 1758. "To assist the district court in making a reasoned decision about enhanced damages, [the Federal Circuit] laid out nine factors to consider in *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826-27 (Fed. Cir. 1992)." *Maxwell v. Angel-Etts of Cal., Inc.*, 53 F. App'x 561, 566 (Fed. Cir. 2002). Those factors are as follows:

(1) Whether the infringer deliberately copied the ideas or design of another;

(2) Whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed;

(3) The infringer's behavior as a party to the litigation;

(4) Defendant's size and financial condition;

(5) Closeness of the case;

(6) Duration of defendant's misconduct;

(7) Remedial action by the defendant;

(8) Defendant's motivation for harm;

(9) Whether defendant attempted to conceal its misconduct.

*Read Corp.*, 970 F.2d at 827 (citations omitted) (overruled on other grounds). Plaintiffs argue that this case was exceptional based on the willful nature of Defendant's infringement and the quantum of evidence suggesting such. (Doc. 192-1 at 5-6.) Plaintiffs also assert that Defendant "engaged in vexatious and unjustified litigation and frivolous filings" by bringing a tortious interference with business relations claim. (*Id.*) Defendant argues that the case was not exceptional because Plaintiffs denied the Offer of Judgment and there was no showing that any of the infringing AGS 2000 seed "handled by [Defendant] was ever planted, harvested and planted again." (Doc. 205 at 10-11.) Further, Defendant asserts that its claim of tortious interference with business relations should not be held against it because whether the claim was viable was "a close question." (*Id.* at 10.)

The Court finds that this case was exceptional. The evidence introduced at trial supports a finding that Defendant knew that the seed it asserted to be AGS 2000 was protected by a PVP certificate but Defendant nonetheless sold it in a manner than infringed on Plaintiffs' PVPA rights. Defendant sold other varieties protected by PVP certificates that were owned by Plaintiffs, and those varieties were sold properly and lawfully. The brownbag AGS 2000, however, was sold without license from Plaintiffs, without the proper markings and notifications, and mixed with non-AGS 2000 seed.

7

The seed sold to the investigator was not 100% AGS 2000, although it was advertised as such. Further, the jury's finding of willfulness is supported by Douglas Wingate's experience as a seedsman and other circumstances surrounding the sale of the brownbag wheat, such as the location and storage of the infringing seed in relation to the location and storage of the non-infringing seed.

Even though the jury found that only fifteen bags infringed Plaintiffs' PVPA rights, the evidence supports a finding, and the Plaintiffs' belief, that many more bags were infringing. Also, notwithstanding the jury's rejection of Plaintiffs' expert's calculation of a reasonable royalty, there is no indication that the expert's calculation was obtained without good faith, or that Plaintiffs' reliance on that calculation was without good faith. The Court does not consider this case to involve a close question, unlike many of the cases cited by Defendant. *See, e.g.*, *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 977 F.2d 1555, 1582 (Fed. Cir. 1992). Lastly, for the reasons stated at trial and in previous orders, the Court does not find any claim asserted by either party to have been asserted without good faith or merit. Accordingly, the Court finds that this case was exceptional and Plaintiffs therefore may be awarded attorney fees under 7 U.S.C. § 2565. In its discretion, the Court finds that an award of attorney's fees in this matter is appropriate.

### iii. Plaintiffs' Attorney's fees

To determine the appropriate amount of an award of attorney's fees, the Court multiplies the number of hours reasonably expended on a case by the reasonable or customary hourly rate. This "lodestar" amount is then adjusted upward or downward in light of various factors. *Bywaters v. United States*, 670 U.S. 1221, 1228-29 (Fed. Cir. 2012) (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986)). Ordinarily, most of the factors will be reflected in the lodestar itself—for example, time and rate—rather than in an adjustment of the lodestar. *See Blum v. Stenson*, 465 U.S. 886 (1984). "[A]djustments in the lodestar figure 'are proper only in certain rare and exceptional cases, supported by both specific evidence on the record and detailed findings by lower courts.' " *Bywaters*, 670 F.3d at 1229 (citations omitted).

A reasonable hourly rate is based on "the prevailing market rate of the forum court." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). Plaintiffs assert that the following hourly rates are reasonable and in line with prevailing market rates: $240 per hour for Duff Nolan, lead counsel for Plaintiffs; $65-$80 per hour for investigative and paralegal work provided by the Nolan Law Group, PLLC; $200 per hour for Richard Fields, local counsel for Plaintiffs; $125 per hour for associates whom Mr. Fields assigned to work on this case; and $65 per hour for paralegal work provided by Mr. Fields' firm. (Docs. 192-2 & 192-3.) Defendant does not explicitly take issue with those rates. Counsel for Defendant, Daniel Kent, stated that his hourly rate is $450 per hour, and asserted that such rate "represents a substantial discount from other intellectual property litigation attorneys in metro Atlanta where I practice who have more than 23 years of litigation and trial experience as I do." (Doc. 195-1 at 2-3.) Based on the assertions of the Parties, and the Court's knowledge of the customary market rate of fees, the Court finds that the rates stated by Plaintiffs are reasonable and commensurate with the prevailing market rates.

As to the amount of time expended, the Court has reviewed Plaintiffs' invoices and has not identified any patently unreasonable expenditure of time in this matter. Also, Plaintiffs' total asserted hours expended are not unreasonable in light of the extended and complex nature of the case. Counsel for Plaintiffs began investigating this matter in April 2009, brought suit in July 2009, and litigated the case through a jury trial which resulted in a favorable jury verdict. In Defendant's response to Plaintiffs' request for attorney's fees, Defendant does not assert that any errors were made or that excessive fees or hours expended were charged. Because the Court has not identified any invoice entry that is unreasonable, and no unreasonable entries have been identified by Defendant, the Court finds that $199,320.00 for 830.5 hours at the rate of $240 per hour is a reasonable fee for lead counsel Duff Nolan; $41,048.82 at the rate of $65-80 per hour is a reasonable fee for investigative and paralegal work conducted by Mr. Nolan's law firm; $59,540.00 for 222.7 hours at the rate of $200 per hour, in addition to a per diem rate of $2,500 for each day of trial, is a reasonable fee for local counsel

Richard Fields; $4,687.50 for 37.5 hours at the rate of $125.00 per hour is a reasonable fee for associates at Mr. Fields' law firm; and $461.00 for 7.1 hours at the rate of $65.00 is a reasonable fee for paralegal work conducted by Mr. Fields' law firm. *See Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1069 (Fed. Cir. 1983) (despite errors in attorney's fees invoices, district court's grant of attorney's fees was not error because defendant "made no real challenge . . . concerning amount of fees claimed" by plaintiff). The Invoices submitted by Plaintiffs reflect that Mr. Fields has been paid by Mr. Nolan, and Mr. Nolan has been paid by Plaintiffs. Thus, Defendant is hereby **ORDERED** to remit attorney's fees in the amount of $305,057.32 to Plaintiffs within thirty (30) days from the entry of this order.

Because the pre-offer fees actually awarded as of the time the Offer of Judgment was made exceeded $10,000.00, Rule 68(d) is inapplicable. The award of the pre-offer fees demonstrates that Plaintiffs' refusal of the Offer of Judgment was not unreasonable but instead a prudent decision to seek to recoup the fees already expended.[2] For the reasons stated above, the Court finds that the Offer of Judgment does not exceed the judgment finally obtained and therefore does not operate to indebt Plaintiffs to Defendant for costs. The Court finds that, because Rule 68 is inapplicable, it is not necessary to consider any of Defendant's arguments pertaining to the Offer of Judgment. As such, Defendant's Motion for Costs (Doc. 196) is **DENIED.**

### B.     Enhancement of damages

In PVPA infringement cases, "the court may increase the damages up to three times the amount determined." 7 U.S.C. § 2564(b). The Parties agree that the *Read* factors discussed above control the Court's determination as to whether damages should be enhanced. (Docs. 192-1 at 9, 205 at 13.) For the reasons discussed above regarding the Court's finding that this case was exceptional, and because the jury found

---

[2] The fact that the jury verdict, even when trebled, is under $10,000 is not necessarily of import because, as stated by various witnesses at trial, there could have been other reasons for bringing suit other than obtaining a damages award—i.e., deterring others from violating Plaintiffs' PVPA rights. For those reasons, the Court finds that it is within its discretion to find that the rejection of the Offer of Judgment did not trigger the operation of Rule 68. *See Delta Air Lines, Inc. v. August*, 450 U.S. 346 (1981).

10

Defendant's infringement willful, the Court finds that the damages awarded by the jury should be trebled.

### C. Prejudgment interest

In light of "Congress' overriding purpose of affording patent owners complete compensation[,] prejudgment interest should ordinarily be awarded." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983). Prejudgment interest should be awarded "absent some justification for withholding such an award." *Id.* at 657. Because Defendant's only argument that prejudgment interest should not be awarded is dependent on Defendant's Rule 68 argument—which was rejected for the reasons discussed above—the Court finds that there is no justification for withholding an award of prejudgment interest. The Court does agree, however, that "prejudgment interest cannot be assessed on the increased or punitive portion of the damage award." *Lam, Inc.*, 718 F.2d at 1066 (citing *Underwater Devices, Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380 (Fed. Cir. 1983)). Also, the Parties seem to be in agreement that the prejudgment interest should accrue at the rate of .14% from November 24, 2008. (Docs. 192-1 at 14, 205 at 18.) For those reasons, prejudgment interest shall accrue on the jury's damages award of $1,875.00 at the rate of .14% per annum from November 24, 2008.

### D. Costs of litigation

Lastly, Plaintiffs argue that they should be awarded costs of this action and state that "[i]n the event the Court find[s] in Plaintiffs' favor with respect to 'costs,' Plaintiffs will provide an amount of those expenses awarded along with appropriate documentation." (Doc. 192-1 at 15.) Plaintiffs submitted a Bill of Costs, but that document excludes "necessary expenses incurred by Plaintiffs in this litigation such as vehicle travel, lodging, airfare, and meals." (*See* Docs. 192-1, 192-4, 219.) Defendant argues that Plaintiffs are not entitled to costs because they rejected the Offer of Judgment. (Doc. 205 at 19.) Defendant also asserts that the Bill of Costs submitted by Plaintiffs is deficient and the expert witness fees sought to be recouped are not recoverable under the circumstances present in this case. (*Id.*) Further, Defendant states that the costs recoverable by Plaintiffs are limited by 28 U.S.C. § 1920. (*Id.*)

The costs taxable to a particular party are enumerated at 28 U.S.C. § 1920. *See Monsanto Co. v. David*, 516 F.3d 1009, 1017 (Fed. Cir. 2008) (noting that 28 U.S.C. § 1920 generally "limits the amount that federal courts may tax as costs in the absence of 'explicit statutory or contractual authorization to the contrary.' "). Plaintiffs have not indicated that any relevant statutory or contractual provision entitle them to costs beyond those enumerated at § 1920. To the extent Plaintiffs request that Defendant be taxed costs as to any item not enumerated at 28 U.S.C. § 1920, that request is **DENIED.**

"[A]bsent explicit statutory or contractual authorization for the taxation of expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). The Federal Circuit has explicitly stated that, in a patent case, "expert witness fees fall under 28 U.S.C. § 1920, subject to the 28 U.S.C. § 1821(b) limitation." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 23 F.3d 374, 377 (Fed. Cir. 1994). Plaintiffs' Bill of Costs enumerates the various costs expended on the items deemed recoverable by 28 U.S.C. § 1920, but does not indicate how much of the "attendance fee" for Plaintiffs' expert witness accounts for the "$40 per day" attendance fee as opposed to "time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." *See* 28 U.S.C. § 1821(b). Because it is unclear the amount of expert witness fees allowable as to Mr. Davis under 28 U.S.C. § 1821(b) and § 1920 as a result of the ambiguity in Plaintiffs' Bill of Costs, the Court declines to award attendance fees to that witness. Further, the Court will only award Plaintiffs costs as to items that were identified on the Bill of Costs and itemized. The Court finds that, in consideration of the Bill of Costs and Invoices, the "fees of the clerk," "fees for service of summons and subpoena," and "fees for printed or electronically recorded transcripts necessarily obtained for use in the case" were appropriately itemized. Thus, Defendant is **ORDERED** to remit to Plaintiffs within thirty (30) days of the entry of this order, $1,213.05 in costs taxable to Defendant under 28 U.S.C. § 1821 and § 1920.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Alter or Amend the Judgment (Doc. 191) is **GRANTED**, and Plaintiffs' Motion for Attorney's Fees (Doc. 192) is **GRANTED-IN-PART and DENIED-IN-PART**; and Defendant's Motion for Attorney's Fees (Doc. 195), Motion for Costs (Doc. 196), and Motion to Alter or Amend the Judgment (Doc. 203) are **DENIED.** Defendant is hereby **ORDERED** to remit attorney's fees in the amount of $305,057.32, and costs in the amount of $1,213.05, to Plaintiffs within thirty (30) days from the entry of this order. Defendant is also **ORDERED** to remit trebled damages in the amount of $5,625.00. That amount shall accrue interest from the date of entry of judgment at the rate of .14% per annum until paid in full. Prejudgment interest shall accrue from November 24, 2008 on the damages amount awarded by the jury, $1,875.00, at the rate of .14% per annum until paid in full.

The Judgment shall be amended as follows:

Pursuant to the jury verdict dated October 22, 2013, JUDGMENT is hereby entered *nunc pro tunc* October 29, 2013, as follows: as to Count 1, judgment is entered in favor of Plaintiffs in the amount of $125.00 per bag of AGS 2000, multiplied by 15 bags willfully infringed by the Defendant for a total reasonable royalty award of $1,875.00. That amount shall accrue interest from November 24, 2008 at the rate of .14% per annum until paid in full. The reasonable royalty award shall be trebled, resulting in a total damages award of $5,625.00. That amount shall accrue interest from the date of judgment at the rate of .14% per annum until paid in full. Defendant shall remit to Plaintiffs within thirty (30) days attorney's fees in the amount of $305,507.32, and costs in the amount of $1,213.05. As to Count 2, judgment is entered in favor of Defendant.

**SO ORDERED**, this  21st  day of May 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**